# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER WALKER, | 1:09-cv-00045-SMS (HC) |
| Petitioner, | |
| v. | ORDER OF TRANSFER |
| W.J. SULLIVAN, et.al., | |
| Respondents. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on January 31, 2007 in the United States District Court for the Central District of California. On February 14, 2007, the action was transferred to this Court; however, for some unknown reason, a case number was not assigned and the Court does not a copy of the petition, despite a transmittal of documents from the Central District. Upon receiving notice of the error, the instant action was opened and assigned case number 1:09-cv-00042-SMS (HC); however, the Court still did not have a copy of the original petition filed in the Central District. Therefore, there being no operative pleading, the Court ordered Petitioner to re-file a copy of the original petition. (Court Doc. 9.) On June 1, 2009, Petitioner filed the petition for writ of habeas corpus. (Court Doc. 10.) In the petition, Petitioner challenges the 2004 California Board of Parole Hearings' finding of unsuitability for parole. Petitioner is presently confined in the Chuckawalla Valley State Prison in Blythe,

1

California, which is in the Central District of California.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or  (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

In this case, Petitioner is challenging the execution of his sentence.  Where "the petition is directed to the manner in which a sentence is being executed, e.g., if it involves parole or time credits claims, the district of confinement is the preferable forum." Meador v. Cal. Dept. of Corr., 2003 WL 21910917 *1 (N.D.Cal.), *citing* Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 497 (1973); In re Phelon, 2002 WL 31618536, *1 (N.D. Cal.); Thomas v. Hepburn, 2001 WL 505916, *1 (N.D.Cal.); McKnight v. Forman, 1997 WL 50267, *1 (N.D. Cal.).  Because Petitioner is currently confined within the jurisdictional boundaries of the Central District of California, in the interest of justice the petition will be transferred to that Court. See 28 U.S.C. §§ 84(b), 1404(a), and 2241(d).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Central District of California.

IT IS SO ORDERED.

**Dated:   June 8, 2009**              /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE